# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ADAM LEE STERLING, | Case No. 15-CV-2414 (ADM/LIB) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MICHELLE SMITH, | |
| Defendant. | |

---

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636; and upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2]; Motion for Order to Pay for Staph Infection, [Docket No. 3]; and Post-Conviction Motion, [Docket 7].

## I. BACKGROUND

Plaintiff Adam Lee Sterling, a prisoner, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983. He did not pay a filing fee, but instead filed an application for leave to proceed *in forma pauperis* ("IFP"). Plaintiff also filed a Motion for Order to Pay for Staph Infection, [Docket No. 3], and then filed a Post-Conviction Motion [Docket No. 7], seeking the appointment of counsel. In an order dated May 27, 2015, the Court ordered Sterling to pay an initial partial filing fee of at least $16.33 within 20 days of the date of that order. [Docket No. 8]. Sterling has now paid the initial partial filing fee, [Docket No. 9], and this matter is once again before the Court for the purpose of determining whether Sterling should be granted leave to proceed IFP in this case.

Upon review of Sterling's complaint, the Court determines that the IFP application will be denied and the case will be dismissed for failure to state a claim.

## II. ANALYSIS

An IFP applicant's complaint will be dismissed if the complaint fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

As mentioned in the footnote to the Order for initial partial payment, [Docket No. 8 at n.2], Sterling's complaint is wholly deficient as submitted. Sterling alleges no facts. All he says in his statement of the claim is "staph infection now and in 1980 for Lou Keith also my staph and the case in 1980 with mine by Lou Keith." [Docket No. 1 at 4]. Sterling does not provide any details about any specific events that he believes violated his rights. He does not say who Lou Keith is and he does not provide any information about the circumstances surrounding the alleged infection or who was infected. It is also not clear why Michelle Smith is the only named defendant.

Since this Court's Order directing initial partial payment, Sterling has filed two letters to the court that might possibly have been considered as attempts to amend his complaint. [*See,* Docket Nos. 10-11]. However, these letters are themselves also unintelligible and do nothing to cure the deficiency of his complaint.

### III. CONCLUSION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff Adam Sterling's IFP application be **DENIED**;

2. Plaintiff Adam Sterling's complaint be **SUMMARILY DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii);

3. Plaintiff's Motion for Order to Pay for Staph Infection, [Docket No. 3], be **DENIED** as moot; and,

4. Plaintiff's Post-Conviction Motion, [Docket No. 7], be **DENIED** as moot.

Dated: July 27, 2015

s/Leo I. Brisbois  
Leo I. Brisbois  
U.S. MAGISTRATE JUDGE

### N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation

will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.